IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                          CRIMINAL ACTION NO. 3:17-00217

DAVID RAY PELFREY

**OMNIBUS ORDER**

With various motions pending before it, the Court conducted a Pretrial Motions Hearing on Monday, April 23, 2018. During that hearing, the parties provided argument regarding four previously filed, and currently pending, motions. Those four motions are: (1) Defendant's Motion *in Limine* to Request the Government to Specifically Identify Which Alleged Files of Child Pornography Will Be Introduced at Trial (ECF No. 32); (2) Defendant's Motion *in Limine* to Require the Government to Identify Which Jail Calls Will Be Introduced into Evidence (ECF No. 33); (3) Defendant's Sealed Motion *in Limine* to Exclude Other Bad Acts Evidence at Trial ("Bad Acts Motion") (ECF No. 34); and (4) Defendant's Sealed Motion to Suppress Evidence (ECF No. 35). Additionally, the Defendant orally moved for a continuance during the hearing, citing the lack of sufficient discovery regarding the new counts asserted by the Government in the Superseding Indictment filed on April 18, 2018.

At the hearing, the Defendant's counsel represented that he accepted the Government's proposed schedule for identifying both the alleged files of child pornography and jail calls to be introduced at trial, the subject matter of ECF Nos. 32 and 33. Because the parties resolved the issues presented by the Defendant in his motions (ECF No. 32 and 33), the Court need not take action regarding those motions at this time. Accordingly, the Court **DENIES AS MOOT** both

Defendant's Motion *in Limine* to Request the Government to Specifically Identify Which Alleged Files of Child Pornography Will Be Introduced at Trial (ECF No. 32), and Defendant's Motion *in Limine* to Require the Government to Identify Which Jail Calls Will Be Introduced into Evidence (ECF No. 33).

Turning to the contested motions, the Court **GRANTS**, **IN PART**, and **DENIES**, **IN PART**, Defendant's Sealed Motion *in Limine* to Exclude Other Bad Acts Evidence at Trial (ECF No. 34). In his motion, Defendant identified nine different categories of evidence that he contends should be excluded as impermissible evidence under Federal Rules of Evidence 401, 404(b), or 403. As reflected at the hearing, these nine categories of evidence broke down into two groups: that evidence the Government intends to elicit at trial, and that evidence the Government does not intend to use at trial. Based upon the Government's representations in its briefing and at the hearing, the Court **GRANTS** Defendant's Sealed Motion *in Limine* to Exclude Other Bad Acts Evidence at Trial (ECF No. 34) with regard to that those evidentiary categories that the Government has represented it will not use at trial.

However, with regard to the evidence that the Government has asserted that it plans on using at trial, the Court finds that, as noted during the hearing, the evidence appears to be pertinent to the Government's prosecution. Specifically, the evidence regarding items identified as "sex toys" and "child erotica" permissibly helps to establish essential elements of the charges against Defendant. Additionally, the "text messages," evidence of "sadomasochistic role-play," and the audio portion of the child pornography video aid the Government's effort to establish both the Defendant's course of conduct and the identity of the Defendant in relation to the charged activity. However, the Court recognizes that the Government's trial strategy may change or these pieces of evidence may be offered for different reasons. Therefore, the Court **DENIES WITHOUT**

**PREJUDICE** Defendant's Sealed Motion *in Limine* to Exclude Other Bad Acts Evidence at Trial (ECF No. 34) with regard to the evidence that the Government has represented that it intends to offer at trial. In order to definitively adjudicate the contested aspects of the Bad Acts Motion, the Court needs to see more evidence and hear the Government's articulation for the basis of admission during the trial. The Court will permit the Defendant to re-raise this Bad Acts Motion at a later time if it becomes appropriate.

The parties also offered argument on Defendant's pending Sealed Motion to Suppress Evidence (ECF No. 35). However, the Court is not prepared to rule on this motion. Therefore the Court **TAKES UNDER ADVISEMENT** the Defendant's Sealed Motion to Suppress Evidence (ECF No. 35). The Court will allow the parties to file additional briefing on this motion by no later than **Monday, April 30, 2018**. If either party wishes to reply to that additional briefing, that reply must be filed by no later than **Thursday, May 3, 2018**.

The Defendant's counsel also made an oral motion before the Court to continue the trial for roughly two weeks. Counsel represented to the Court that due to the recent filing of the Superseding Indictment, the parties have not been able to engage sufficiently in the discovery process. Because of that, Defendant's counsel suggested that he would likely not have adequate time to prepare his case due to the lack of sufficient discovery at this point. The Government did not object to this oral motion. Finding good cause, the Court **GRANTS** the oral motion to continue. The Court will set the new date for trial at a later time.

Finally, during the hearing, the Defendant orally moved to waive his right to a jury trial. The Government appeared to consent. Federal Rule of Criminal Procedure 23 requires that a defendant must waive his or her right to a jury trial "in writing." Fed. R. Crim. P. 23(a)(1).

Therefore, if the Defendant wishes to waive his right to a jury trial, and if the Government still consents, the parties must do so in compliance with the dictates of Rule 23.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

    ENTER:    April 24, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE